IN THE MATTER OF THE CLAIM OF NANCY BRONSON, APPEL-
LANT, AGAINST THE ESTATE OF GEORGE C. BRONSON,
DECEASED.

*Claim against a decedent's estate of two items — allowance of a sum less than either
item — appeal — what items may be considered on a new trial — improper admission
of declarations of a decedent — reversal of a surrogate's decree.*

Where a claim against a decedent's estate consisted of two items, one of $797 for
rent and the other for $1,188 on a draft for insurance money, and the surrogate
made a decree allowing the claim at $679, but it did not appear how the amount
was made up, and the claimant appealed from that part of the decree which
established her claim at $679, and from "each and every part of said decree
which disallows her claim for a draft of $1,188," and the part of the decree
appealed from was reversed and a new trial granted:

*Held,* that the whole claim, and not the item for $1,188 only, was open for proof
on the new trial.

An error, in receiving in evidence declarations of the decedent in behalf of his
estate, upon the trial in a Surrogate's Court of a claim against the estate:

*Held,* to have been necessarily prejudicial to the claimant, within the meaning of
section 2545 of the Code of Civil Procedure, and to call for a reversal of the
surrogate's decree.

APPEAL by the claimant, Nancy Bronson, from a decree of the
Surrogate's Court of Oswego county, entered in the office of said
surrogate on the 11th day of April, 1892, in the proceedings for the
final settlements of the accounts of Nancy Bronson, widow, and one
of the administrators of the above-named decedent, and Alexander
McAuley, her co-administrator, in which proceeding the said Nancy
Bronson presented a personal claim against this estate, which con-
sisted of two items, one for rent, $7.97 and interest, and the other
for an insurance draft for $1,188, or the proceeds thereof, issued by
the Ætna Insurance Company of Hartford, payable to the order of
said Nancy Bronson, and which was deposited by the decedent, in
his lifetime, in the First National Bank of Camden, N. Y., on the
20th day of May, 1884, to his own credit.

Section 2545 of the Code of Civil Procedure provides that a
decree or order of a surrogate, rendered upon a trial before him,
"shall not be reversed for an error in admitting or rejecting evi-
dence, unless it appears to the appellate court that the exceptant
was necessarily prejudicial thereby."

*D. A. King*, for the claimant, appellant.

*O. M. Reilly*, for the respondents.

MERWIN, J.:

The appellant, Nancy Bronson, is the widow of George C. Bronson, deceased, and is one the administrators of his estate. The administrators, in April, 1888, applied for a judicial settlement of their accounts and thereupon the appellant presented an individual claim against the estate. The controversy here is over that claim.

On the 3d of August, 1875, the appellant became the owner of certain real estate, and on the 4th of May, 1884, the buildings thereon were destroyed by fire. The claim of appellant, as presented, is for rents received by the deceased from this property, from January, 1876, to May 4, 1884, to the amount of $797, and interest thereon, $168; also for amount of draft for insurance money received by deceased May 20, 1884, $1,188, and interest thereon, $244.74, the total of the whole claim being $2,397.74. Bronson died 19th of August, 1886.

The claim of the appellant and also the accounts of the administrators were contested by some of the heirs and next of kin and were tried together. Only one decree was entered thereon and in this the accounts were adjusted and the claim- of plaintiff was allowed at the sum of $679.05, and interest from the decease of the intestate. It did not appear from the decree how the amount that was allowed on the claim was made up. Thereafter the claimant appealed to the Supreme Court, and in the notice of appeal it was stated that she appealed "from that part of the order, judgment and decree of the Surrogate's Court of Oswego county made in the above-entitled matter, dated December 28, 1889, which is in the following words and figures: 'And it is hereby further ordered, decreed and adjudged that the claim of Nancy Bronson, one of the administrators of this estate, for $2,397.74, presented by her against this estate and contested by the next of kin of the decedent, after having heard the proofs and allegations of the several parties and arguments of counsel and due deliberation thereon, is hereby established at the sum of $679.05 and interest thereon from the decease of the intestate, viz., August 19, 1886, to December 28, 1889, to

interest, $135.81, making a total of $814.86.' And she appeals . from each and every part of said decree which disallows her claim for a draft of $1,188, and interest from the date of the decease of said George C. Bronson."

This appeal resulted in a reversal of the decree, as to the part appealed from, and the granting of a new trial. In the judgment of reversal that was entered, after reciting that the proceeding had been brought to a hearing upon an appeal from that part of the decree which established the claim at the sum of $679.05, and " also on an appeal from each and every part of said decree," which disallowed her claim for the amount of the draft, it was adjudged that the decree, " as to the part appealed from, be and the same is wholly reversed upon both questions of law and fact," and that a new trial be had in the Surrogate's Court.

The matter then proceeded to a new trial in the Surrogate's Court, and the appeal now before us is from the decree then made. In the course of the trial, the court held that the prior appeal was only from that part of the decree which disallowed the claim on the insurance draft, and that the order for a new trial only covered that claim, and that, therefore, the claimant had no right to give evidence on the subject of the rents. It was assumed that the amount, as allowed in the former decree, was for rents. The claimant offered to prove not only the amount proved on the former trial, but an additional amount to the extent of $100. This was excluded, and exception taken.

The offer was within the amount of the claim as presented, and, we think, the court erred in excluding the evidence. The appeal, as taken, was distinctly from that part of the decree that adjusted the entire claim of the appellant at the sum of $679.05, and interest. That being reversed, as it was by the appellate court, there remained in the Surrogate's Court no adjudication upon any part of the claim. The whole was open for proof, the same as if there had been no previous trial of the case.

Evidence was taken on the subject of the draft, and the court, in its decree, decided that the appellant could not recover therefor. Among other evidence offered by the respondents, the court received, over the objection and exception of appellant, divers declarations of the deceased in regard to matters disputed at the trial. The appel-

lant claims error in these rulings. The draft was payable to the order of the appellant. She indorsed it, and allowed her husband, the deceased, to take it, and he thereupon took it to a local bank and had the proceeds placed to his credit. At his death $1,000 of such proceeds remained in the bank. The main question at the trial was whether the draft, after its indorsement by Mrs. Bronson, was delivered by her to Mr. Bronson for the purpose, and with the intent of transferring to him absolutely all her interest in the draft and its proceeds.

Ordinarily, the indorsement and delivery would be presumptive evidence of the transfer of the title of the proceeds, but where the transfer claimed is from the wife to the husband, a different rule is said to prevail. In 2 Perry on Trusts (§ 666), it is said : " If a husband receives the capital fund of his wife's separate property, there is no presumption that she intended to give or transfer it to him, but he is *prima facie* a trustee for her, and a gift from her to him will not be presumed without clear evidence." (See, also, *Wormley's Estate*, 137 Pa., 101 ; *Jaques* v. *Methodist Episcopal Church*, 17 Johns., 548 ; *Gage* v. *Dauchy*, 28 Barb., 622, reversed on other grounds in 34 N. Y., 293 ; 8 Am. and Eng. Ency., 1333.) In the Jaques case, it is said a wife may give of her separate property to her husband as well as any other person, if her disposition of it be free, and not the result of flattery or force, or improper treatment.

With a view of showing a reason for an absolute transfer, the respondents sought to show that the buildings destroyed by fire were built by the deceased from his own means, and that upon this account the insurance moneys were regarded by the appellant as belonging to her husband. Some of the declarations above referred to were upon this subject, and were to the effect that the buildings cost him, the deceased, several thousand dollars ; that he would lose by the fire over a thousand dollars ; that he paid the original purchase-price of the property ; also, upon several occasions, that he said the money in the bank was his. These declarations, being received in behalf of the estate, were clearly incompetent. ( *Weller* v. *Weller*, 4 Hun, 195.) This seems to be conceded, but it is claimed that they were not sufficiently material to call for reversal within section 2545 of the Code. We are, however, inclined to the opinion that, under the construction of this section in *Matter of Will of Smith* (95 N. Y., 517), the

declarations referred to were received to such an extent as to call for reversal.

The appellant also claims that the surrogate, in deciding the case, took into consideration material evidence that had been given on the former trial, but had not been given upon this. This fact, however, is only apparent, if at all, from the opinion as printed in the case. This is hardly a sufficient basis for an exception. It is, of course, true, as claimed by the appellant, that the case should have been decided upon the evidence given at the trial in hand and upon that only. Whether it was so decided, and if not, what remedy the appellant would have, it is not necessary here to consider, in view of our conclusions upon other parts of the case.

It follows that, by reason of the errors above referred to, in regard to the claim for rents, and in receiving the declarations of the deceased, the decree must be reversed.

HARDIN, P. J., and MARTIN, J., concurred.

Decree of Surrogate's Court reversed and new trial ordered, costs of the appeal to the appellant, payable out of the estate.